**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR DSLA MORTGAGE LOAN TRUST MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2006-AR2,<br><br>Plaintiff,<br><br>vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC.; COMMONWEALTH LAND TITLE INSURANCE COMPANY; DOE INDIVIDUALS I through X; and ROE CORPORATIONS XI through XX, inclusive,<br><br>Defendants. | Case No.:   2:21-cv-00192-KJD-NJK<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER** |

Plaintiff, Deutsche Bank National Trust Company, as trustee for DSLA Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-AR2 ("Plaintiff"), Specially-Appearing Defendant Fidelity National Title Group, Inc. and Defendant Commonwealth Land Title Insurance Company ("Defendants", collectively, the "Parties"), by and through their counsel of record, hereby submit their proposed Joint Discovery Plan and Scheduling Order pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a-b).

**I.      INFORMATION PURSUANT TO FRCP 26(f).**

**1.** *Meeting.* Pursuant to Fed. R. Civ. P. 26(f) and LR 26-1(a), a meeting was held on March 4, 2021, and was attended by Lindsay D. Robbins, Esq. of Wright, Finlay & Zak, LLP,

Counsel for Plaintiff, and Sophia S. Lau, Esq., of Early, Sullivan, Wright, Gizer & McRae, LLP, Counsel for Defendants.[1]

**II.      INFORMATION PURSUANT TO LR 26-1(B).**

**1.** *Discovery Plan.* The Parties proposed to the Court the following discovery plan:

(a)      Subject of Discovery. Discovery will be needed on the following subjects: All claims set forth in the Complaint, as well as the defenses relevant to the action.

(b)      Discovery Cut-Off Dates.  Discovery will take **180 days**, measured from February 3, 2021, the date Defendants filed their Petition for Removal [ECF No. 1].  The discovery cut-off date, therefore, will be **August 2, 2021.**

(c)      Fed. R. Civ. P. 26(a)(2) Disclosures (Experts).  Disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2):

(1)      The disclosure of experts and expert reports shall occur on **June 3, 2021**, which is sixty (60) days before the discovery cut-off date;

and

(2)      The disclosure of rebuttal experts and their reports shall occur on **July 2, 2021**, which is thirty-one (31) days before the discovery cut-off date.

**2.** *Other items.*

(a)      Initial Disclosures.  The Parties will exchange initial disclosures by **April 2, 2021**. The Parties will continue to supplement their disclosures in accordance with the Federal Rules of Civil Procedure.

(b)      Amending the Pleadings and Adding Parties.  The Parties have until **May 4, 2021**, to file any motion to amend the pleadings or to add parties, which is ninety (90) days before the discovery cut-off date pursuant to LR 26-1(b)(2).

(c)      Dispositive Motions.  The Parties shall have until **September 1, 2021**, to file dispositive motions.  This is thirty (30) days after the discovery cut-off date pursuant to LR 26-1(b)(4).

---

[1] Defendants submit this proposed joint discovery plan without waiver of their right to seek a stay. Defendants intend to seek a stay of the action pending the appeal of several matters before the Ninth Circuit involving similar legal issues if Plaintiff does not stipulate to a stay.

     (d)    <u>Settlement.</u>  All Parties will continue to discuss possible resolution to this matter.

     (e)    <u>Pretrial Order.</u>  The pretrial order shall be filed by **October 1, 2021**, which is not more than thirty (30) days after the date set for filing dispositive motions in the case. <span style="color:red">This deadline is suspended if the dispositive motions are timely filed until 30 days after decision on the dispositive motions or further Court order.</span>  The disclosures required by Fed. R. Civ. P. 26(a)(3) shall be made in the joint pretrial order.

     (f)    <u>Court Conference.</u>  The Parties are not requesting a conference with the Court before entry of the scheduling order.

     (g)    <u>Later Appearing Parties.</u>  A copy of this discovery plan and scheduling order shall be served on any person served after it is entered, or, if an additional defendant should appear, within five (5) days of their first appearance.  This discovery plan and scheduling order shall apply to such later-appearing parties, unless the Court, on motion and for good cause shown orders otherwise.

     (h)    <u>Extension or Modification of the Discovery Plan and Scheduling Order.</u>  LR ~~26-4~~ <span style="color:red">26-3</span> governs modifications or extensions of this discovery plan and scheduling order.  Any stipulation or motion must be made no later than twenty-one (21) days before the subject deadline, and must fully comply with LR ~~26-4~~ <span style="color:red">26-3</span>.

     (i)    <u>Estimate of Time Required for Trial</u>. The Parties estimate that a trial will take 10-15 days.

     (j)    <u>Alternative Dispute Resolution:</u> The Parties hereby certify pursuant to LR 26-1(b)(7) they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation (collectively, ADR). The Parties determined ADR is not a viable option at this time.

     (k)    <u>Alternative Forms of Case Disposition:</u> The Parties hereby certify pursuant to LR 26-1(b)(8) they considered consent to trial by a magistrate judge and/or use of the short trial program. The Parties do not consent to either at this time.

     (l)    <u>Electronic Evidence</u>: The Parties have discussed the production of electronic data and will stipulate to a protocol for handling electronically stored data if necessary.

(m) <u>Time to Notice Depositions Pursuant to Fed. R. Civ. P. 30(b)(6)</u>: The Parties agree to provide at least fourteen (14) days notice prior to taking a deposition pursuant to Fed. R. Civ. P. 30(b)(6), unless otherwise agreed.

(n) <u>Issues about claims of privilege or protection of trial preparation materials</u>:

(i) Any or all Parties, may require a protective order in order to protect the disclosure of certain confidential business information.  In the event such a protective order becomes necessary the Parties will submit a stipulated protective order to the parties for agreement, or if necessary, may file a motion for protective order.

(ii) Claw-back of Inadvertent Disclosure of Privileged Materials: The Parties agree that the procedures set forth in Fed. R. Civ. P. 26(b)(5) shall apply.

| | |
|---|---|
| DATED this 18th day of March, 2021. | DATED this 18th day of March, 2021. |
| WRIGHT, FINLAY & ZAK, LLP | EARLY SULLIVAN WRIGHT GIZER & McRAE LLP |
| */s/ Lindsay D. Robbins*<br>Lindsay D. Robbins, Esq.<br>Nevada Bar No. 13474<br>7785 W. Sahara Ave., Suite 200<br>Las Vegas, NV 89117<br>*Attorneys for Plaintiff, Deutsche Bank National Trust Company, as trustee for DSLA Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-AR2* | */s/ Sophia S. Lau*<br>Scott E. Gizer, Esq.<br>Nevada Bar No. 12216<br>Sophia S. Lau, Esq.,<br>Nevada Bar No. 13365<br>8716 Spanish Ridge Avenue, Suite 105<br>Las Vegas, Nevada 89148<br>*Attorneys for Defendants, Fidelity National Title Group, Inc. and Commonwealth Land Title Insurance Company* |

**IT IS SO ORDERED.**

Dated this  19th   day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE