UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for DSLA Mortgage Loan Trust Mortgage Loan Pass-through Certificate, Series 2006-AR2,<br><br>                                    Plaintiff,<br><br>    v.<br><br>FIDELITY NATIONAL TITLE GROUP, INC., et al.,<br><br>                                    Defendants. | Case No. 2:21-cv-00192-KJD-NJK<br><br>ORDER |

      Presently before the Court is Defendants' Motion to Extend Stay (#32). Plaintiff filed a response in opposition (#33) to which Defendants replied (#35).

I. Background

      Previously, this action was stayed by stipulation of the parties (#29) pending the Ninth Circuit's ruling in Wells Fargo Bank, N.A. v. Fidelity National Title Ins. Co., Ninth Cir. Case No. 19-17332 (District Court Case No. 3:19-cv-00241-MMD-WGC) (Wells Fargo II). Following the issuance of the Order, on November 5, 2021, the Ninth Circuit remanded Wells Fargo II on the basis that the district court failed to grant the lender leave to amend its Complaints to assert "trade usage" allegations. Id. at 2021 WL 5150044, at *2 (9th Cir. Nov. 5, 2021).

      Subsequently, Defendants filed the present Motion to Extend the Stay arguing that a Landis stay was still appropriate given the significant overlap between the issues raised in this case and a different case, PennyMac Corp. v. Westcor Land Title Ins. Co., Eighth Judicial District Case No. A-18-781257-C, Supreme Court Case No. 83737 ("PennyMac"), with a substantially similar coverage dispute. On November 3, 2021, PennyMac filed its notice of appeal to the Nevada Supreme Court. Now, Defendants urge the Court to continue the stay until

the resolution of PennyMac, or even until a third case, <u>Deutsche Bank National Trust Company v. Fidelity National Title Group, Inc.</u>, Eighth Judicial District Court Case No. A-20-820307-C (Order Granting Motion to Dismiss), is resolved on appeal.

## II. Legal Standard

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources. <u>Landis v. North Am. Co.</u>, 299 U.S. 248, 254-55 (1936); <u>Dependable Highway Exp., Inc., v. Navigators Ins. Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether a stay is appropriate pending the resolution of another case – often called a "<u>Landis</u> stay" – the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, and (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. <u>Lockyer v. Mirant Corp.</u>, 398 F.3d 1098, 1110 (9th Cir. 2005).

## III. Analysis

First, the Court notes that the stay in this action was never lifted. Neither Plaintiff nor Defendants moved to lift the stay, nor did the parties file a stipulation lifting the stay or a proposed briefing schedule. As near as the Court can tell from a close examination of the docket, Plaintiff summarily filed its pending motion for partial summary judgment without seeking to lift the stay. However, the parties had agreed in their stipulation to stay (#29) not to file any dispositive motions while the stay was in place. Accordingly, the Court denies without prejudice the pending motions (#31/40) filed while the stay was in place.

Next, the Court, having considered the arguments raised in the complaint and dispositive motions and considering the issues raised to the Nevada Supreme Court in <u>PennyMac</u> and <u>Deutsche Bank</u>, finds that they are extremely similar, if not identical. Further, the questions at issue involve important issues of State law that should be resolved by the highest court of the State of Nevada. While this Court normally resolves these questions by predicting how the Nevada Supreme Court would rule, it would be a waste of judicial resources to do so while the questions are currently pending before the state supreme court.

To be sure, the Court notes that there is hardship to parties who must delay discovery or wait longer for resolution of their case. However, that hardship is balanced by potentially avoiding the cost of discovery altogether if the Nevada Supreme Court issues a ruling that either disposes of claims entirely or crystalizes the benefits of settlement. The Court also recognizes that this order may conflict with prior orders that lifted or denied stays. However, the Court sees that that the "orderly course of justice" now balances in favor of a stay. Lockyer, 398 F.3d at 1110. Therefore, the motion to extend stay is granted.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Extend Stay (#32) is **GRANTED**;

IT IS FURTHER ORDERED that the pending motions (#31/40) filed in violation of the stay are **DENIED without prejudice**.

DATED this 30th day of September 2022.

_____
Kent J. Dawson
United States District Judge

- 3 -